UNITED STATES of America, Appellee,

v.

**Gary Roy MILLER, Appellant.**

**No. 79–1511.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1979.

Decided Oct. 17, 1979.

Rehearing and Rehearing En Banc Denied Nov. 9, 1979.

Ronald I. Meshbesher and Carol M. Grant, Meshbesher, Singer & Spence, Minneapolis, Minn., on brief, for appellant.

Thorwald H. Anderson, Jr., U.S. Atty., and Ann D. Montgomery, Asst. U.S. Atty., Minneapolis, Minn., on brief, for appellee.

Before LAY, HEANEY and HENLEY, Circuit Judges.

PER CURIAM.

Gary Roy Miller appeals from his conviction of unlawful possession with intent to distribute eight ounces of cocaine in violation of 21 U.S.C. § 841(a)(1). He contends on appeal that his warrantless arrest was not based on probable cause and that the cocaine seized pursuant thereto was unlawfully obtained. We disagree.

Miller waived a jury trial and agreed to submit the case upon stipulated facts. A magistrate considered the matter and found probable cause to arrest Miller. On the basis of the magistrate's report, the stipulation and the files, the District Court found that the officers were aware of facts sufficient to establish probable cause and justify Miller's warrantless arrest. It then found him guilty of the offense and sentenced him to twelve months imprisonment and a special parole term of three years.

The stipulation set forth the following facts:

On January 19, 1979, a government informant met with Christian Zank, the proprietor of a hair salon. Zank offered to sell cocaine to the informant and said he would contact his source to determine what quantity was available. The informant watched as Zank obtained a telephone number from an address book, heard Zank use the name "Gary" in the ensuing telephone conversation, and saw the name "Gary" and the telephone number 854–7364 in the open address book. A Drug Enforcement Agency Special Agent determined that the phone number was listed to a Gary Roy Miller at 1900 East 86th Street, Apartment 105, Bloomington, Minnesota. The agent obtained Miller's physical description from the state driver's license bureau and determined that two automobiles were registered to Miller, one of which was a 1979 Chevrolet two-door, bearing Minnesota license plate number CJJ–823.

On January 22, 1979, the informant made arrangements with Zank to purchase cocaine. Zank said the cocaine would be delivered to his salon at about 4:30 that afternoon. Surveillance officers watched Miller leave his residence at 1900 East 86th Street and enter a 1979 Chevrolet Camaro bearing Minnesota license plate number CJJ–823 at 3:55 that afternoon. At 4:35 p. m., the informant entered the salon. Zank told him that the cocaine had not arrived but was expected in a few minutes. Officers observed Miller as he entered the rear of the salon at 5:18 p. m. and left at 5:26 p. m. The informant left the salon at 5:31 p. m. and gave the one ounce of cocaine to the special agent.

On January 26, 1979, Drug Enforcement Administration agents arranged, through the same informant, to purchase eight ounces of cocaine from Zank. The informant agreed over a tape-recorded telephone call to purchase the cocaine at Zank's apartment in the early afternoon. Surveillance officers observed Gary Roy Miller leave his Bloomington apartment at 1:00 p. m., drive to Zank's apartment and enter Zank's apartment building at 1:25 p. m. The informant placed a recorded call to Zank's apartment at 1:40 p. m. A "Vicky" who answered the telephone said that Zank was not home but that "the man" had arrived with the cocaine. The informant called Zank's residence again at 1:55 p. m. Zank told the informant that the eight ounces of cocaine was at his apartment. The informant, at the special agent's direction, told Zank that the people who were to purchase the cocaine had been in an automobile accident and couldn't purchase the cocaine that day. Shortly thereafter, officers observed Miller as he left the apartment building. The agent told the informant to go to Zank's apartment to verify that the cocaine had not been left there. The informant did so at 2:20 p. m., wearing a body transmitter, and Zank told him "the source" had left with the cocaine.

At 2:25 p. m., Miller was stopped in his vehicle and arrested. The officers found eight ounces of cocaine in Miller's pocket and $3,400 under the driver's seat.

The magistrate's Report and Recommendation did not mention the events that occurred prior to January 26, except to say that "The D.E.A. had previously identified the defendant as Zank's possible source because he was present in the vicinity of an earlier drug transaction." They do, however, parallel the stipulation regarding the events of January 26.

The facts recited in the magistrate's Report and Recommendation do not, standing alone, establish probable cause for a warrantless arrest. They simply show that Miller was observed arriving at and leaving an apartment complex while a drug transaction was in progress. But when these facts are considered in conjunction with evidence as to events of the preceding week, including Miller's presence at Zank's salon during the earlier drug transaction on January 22, 1979, probable cause is apparent. The correlation between this presence and the informant's statements, the identification of Gary Roy Miller from the telephone number next to the name "Gary" in Zank's address book, and the reference to "Gary" in the telephone call to Zank's source, present a totality of facts and circumstances based on reasonably trustworthy information which would justify a prudent person in believing Miller had committed and was committing an offense. *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *United States v. Regan,* 525 F.2d 1151, 1155 (8th Cir. 1975).

The judgment of the District Court is affirmed.